

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 23, 2023

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM GLENN JOHNS, | § | CASE NO. 21-60010-rlj7 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

On October 3, 2022, the chapter 7 trustee, Roddrick Newhouse ("Trustee"), and the "Rutan Parties"—Integral 4RMT, LLC, David Rutan, and Michelle Rutan—filed their self-declared "supplemental" objection to the debtor's, William Johns', claim of exemption to his "self-directed" Roth IRA. The supplemental objection was filed nine months after their original objection and more than a year and a half after Johns filed this bankruptcy case. Johns responded by filing a motion to strike the supplemental objection [ECF Nos. 137, 139], prompting a response from the Trustee and Rutan Parties [ECF Nos. 145, 146].[1] One day prior to responding to Johns' motion to strike, the Trustee and Rutan Parties filed a motion for leave to file a supplemental objection to exemptions [ECF No. 143], to which Johns responded [ECF No. 147].

---

[1] "ECF No." refers to the numbered docket entry in Case No. 21-60010.

1

**I.**

Johns contends the supplemental objection is late under Bankruptcy Rule 4003(b) and, in addition, is improper because the Trustee and Rutan Parties failed to obtain leave of court before filing the objection.[2] The Court addresses below the applicability of Federal Rule 15, which governs amended or supplemental pleadings in federal court.[3] The rule is also the source of the leave requirement raised by Johns. *See* Fed. R. Civ. P. 15(a)(2). The issue of whether leave is required is a distraction. As stated, the Trustee and Rutan Parties have requested leave.

Johns' substantive argument is that the supplemental objection is barred by the time limitations of Bankruptcy Rule 4003(b). ECF No. 139-1. Bankruptcy Rule 4003(b) requires that objections to exemptions be filed "within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list [of property claimed exempt] or supplemental schedules is filed, whichever is later." Here, the supplemental objection was brought well past the deadline.

Bankruptcy Rule 9014 governs contested matters and specifies that certain provisions of Part VII of the Bankruptcy Rules are applicable to contested matters. While no rule incorporated through Bankruptcy Rule 9014 governs amended or supplemental pleadings in contested matters,[4] the rule does, however, give courts discretion to apply other Part VII rules, such as Bankruptcy Rule 7015.[5] Other courts have used Federal Rule 15 as an avenue to permit amendments to objections to exemptions. *See In re Yeckel*, No. 05-39136, 2010 WL 4697695, at

---

[2] "Bankruptcy Rule" refers to a rule of the Federal Rules of Bankruptcy Procedure.
[3] "Federal Rule" refers to a rule of the Federal Rules of Civil Procedure. Federal Rule 15 is applicable to adversary proceedings under Bankruptcy Rule 7015.
[4] Bankruptcy Rule 9014(c) applies Bankruptcy Rules 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071 to contested matters.
[5] "The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order." Fed. R. Bankr. P. 9014(c). Both sides fully briefed the factors discussed below to address Rule 15.

\*5 (Bankr. N.D. Tex. Nov. 12, 2010); *In re Shumac*, 425 B.R. 139, 142 (Bankr. M.D. Pa. 2010). The Court, in its discretion, applies Bankruptcy Rule 7015—and thus Federal Rule 15—to this matter in deciding the propriety of the supplemental objection. *See In re Yeckel*, 2010 WL 4697695, at \*5.

## II.

Federal Rule 15(a)(2) states "[t]he court should freely give leave [to amend a pleading] when justice so requires." "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314–15 (5th Cir. 1996).

### A.

As previously stated, the Supplemental Objection to Exemptions was filed on October 3, 2022; the bankruptcy petition was filed on February 3, 2021. But the Trustee and Rutan Parties, and their filing of the supplemental objection, are not the main source of the delays in these proceedings. The structure of Johns' IRA—a "self-directed," multi-tiered Roth IRA that owns interests in at least two trusts which, in turn, own interests in other assets and businesses—conceals any understanding of how *his* IRA can be worth $250,000 (or more) when he has contributed only $19,000 to the IRA. Plus, Johns' bankruptcy schedules reveal an individual that is virtually destitute. Yet, according to Johns, he is able to leverage an innate ability to find good deals for his IRA and, apparently, for other individuals who are willing to front hundreds of thousands of dollars in return for roughly half of any gains realized from the many deals and transactions within the trusts and trust assets. The Trustee and Rutan Parties had to obtain facts supporting their objection through extensive discovery. Undue delay is not a factor weighing

against amending the Trustee's and Rutan Parties' objection to exemptions.

### B.

Johns argues the Rutan Parties are acting in bad faith.[6] To evidence this, Johns cites a Georgia garnishment action,[7] a Georgia federal court suit,[8] and a Texas receivership action[9]—all initiated by the Rutan Parties prior to Johns' bankruptcy filing. While such actions may reflect egregious conduct in their attempts to collect against Johns, the Court is more concerned with the conduct of the Rutan Parties here, where there is no evidence of bad faith. There is also no evidence of bad faith by the Trustee.

### C.

Failure to cure deficiencies by previous amendments does not apply in this case.

### D.

Johns claims that the supplemental objection would be unfairly prejudicial because "[t]he additional expense and delay are obvious from the multiple new facts and claims asserted by the Trustee and Rutan parties." ECF No. 139-1 at 8. A party may be prejudiced when an amendment requires additional discovery for a new defense. *See Ford v. Pa. Higher Educ. Assistance Agency*, No. 3:18-cv-02782, 2019 WL 3413472, at *2 (N.D. Tex. July 26, 2019) (And "[w]here an amendment would cause considerable delay and expense for the opposing party, a court is more likely to find undue prejudice."). For the reasons that follow, no undue prejudice is

---

[6] The Debtor's Brief in Support of Amended Motion to Strike specifically states: "Mr. Johns does not allege that the Trustee is acting in bad faith, and presumes that the Trustee, his counsel, and the Rutans' current counsel, were unaware of the Georgia lawsuits discussed." ECF No. 139-1 at 5 n.4. But later, Johns argues that a lack of candor evidences the Trustee is operating in bad faith. *Id*. at 8.

[7] The Rutans obtained a default judgment against Carswell Cherokee Trust that was later set aside because the Rutans failed to properly serve Carswell. ECF No. 139-1 at 5–6. In connection with the Georgia garnishment action, the Rutans sought to redirect a person holding a note in favor of Carswell Cherokee Trust to make payments on that note to another party. *Id*. at 6; ECF No. 139-2 at 145–170.

[8] The Georgia federal court suit was dismissed for failure to assert a recognizable cause of action. ECF No. 139-2 at 32–46. Johns also highlights discrepancies in the date of service on one of the parties—the Rutans claim to have served the party at his office on a day when the office was closed. ECF No. 139-1 at 7.

[9] In the Texas receivership action filed by the Rutans, the Rutans' counsel sent requests for admission to a non-party then took no further steps in the receivership action. ECF No. 139-1 at 7–8.

created by the amendment.

Both the original and supplemental objections concern Johns' IRA that he claims as exempt under § 522(d)(12).[10] The original and supplemental objections are premised upon the charge that the IRA benefited from excess contributions and engaged in prohibited transactions, thus disqualifying the IRA as an exempt asset under § 522(d)(12).

The supplemental objection adds facts to support the charges of excessive contributions and prohibited transactions. It states that the initial funding of the IRA was an excess contribution based on Johns' reported income. ECF No. 129 at 7–8. Relatedly, the supplemental objection alleges outside sources made excess contributions to the IRA by funding the trusts in which the IRA owns an interest. *Id*. at 6. The supplemental objection provides a rough outline of how the trusts acquired several properties, thus allegedly contributing to the IRA. *Id*. at 7–20. Turning to the prohibited-transaction argument, the supplemental objection alleges many additional prohibited transactions took place when the trusts, owned in part by Johns' IRA, engaged in transactions with disqualified persons. *Id*. at 21–29.

The facts and relationships surrounding the transactions are murky. The supplemental objection provides some clarity to those facts and relationships. Regarding Johns' concern for discovery, he is, as the debtor, the one best equipped to obtain discovery—he has an equitable interest in these entities, which in turn are obligated to him. Johns is not unduly prejudiced by the Trustee's and Rutan Parties' supplemental objection.

### E.

Last, the Court considers the futility of the supplemental objection. The futility issue circles back to Bankruptcy Rule 4003(b), which sets the deadline for objections to exemptions. This added objection is well past the deadline. There are exceptions to the rule when the

---

[10] "Section" or "§" refers to a section of the Bankruptcy Code, 11 U.S.C.

objecting party timely files a motion for an extension. Fed. R. Bankr. P. 4003(b)(1). No timely-filed motion was filed here. The only way the amendment is not futile is if it relates back to the date of the timely-filed original objection. Rule 15 states "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

Both the supplemental objection and the original objection concern Johns' claimed exemption of his IRA under § 522(d)(12). The base conduct complained of is the same—excessive contributions and prohibited transactions. The supplemental objection adds facts to support the objection, facts that were discovered after the original objection. The supplemental objection concerns the same property, the IRA. The Court concludes the supplemental objection relates back to the date of the original objection and is thus not futile, despite being brought after the deadline for objecting to exemptions under Bankruptcy Rule 4003(b).

### ORDER

It is hereby ORDERED that leave to file a supplemental objection to exemptions [ECF No. 143] is granted and the motion to strike [ECF No. 139] is denied.

### End of Memorandum Opinion and Order ###