

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 9, 2023**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM GLENN JOHNS, | § | CASE NO. 21-60010-rlj7 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER

The Court addresses the Trustee's and the Rutans' objection to the admissibility of Debtor's Exhibit 39.

I.

Debtor's counsel offered Debtor's Exhibit 39, which is a one-sentence document, titled "Agreement," that Debtor submits establishes that large contributions made to the Carswell Cherokee Trust must be treated in the first instance as loans rather than equity contributions.

The Trustee and the Rutans objected to the admission of the document as hearsay and on the basis that it should be excluded under the "Dead Man's Rule."

1

## II.

The pertinent facts are these: W. Hampton Beesley, now deceased, was the trustee of Carswell Cherokee Trust. On behalf of that trust, he signed a short agreement. Debtor Ex. 39. The twenty-nine words constituting the entire agreement state: "It is agreed that all monies owed including but not limited to contributions and loans are to be reimbursed or paid before any profits are divided among interested beneficiaries." *Id*. The document is titled "Agreement" and is dated December 30, 2016. *Id*. One party is listed—Carswell Cherokee Trust. *Id*.

The parties stipulated to the authenticity of the document. The remaining issues are whether the exhibit is barred by the Dead Man's Rule or inadmissible as hearsay. Debtor's counsel argues: (1) the Dead Man's Rule does not apply in federal bankruptcy court; (2) if it does apply, it only applies when a state law claim is at issue; (3) it applies to oral statements, not writings; and (4) it only applies to decedents or their heirs.

## III.

"Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay. … It has legal reality independent of the truth of any statement contained in it." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) (quotations omitted). The document purports to create a legal reality that Beesley, as trustee of Carswell Cherokee Trust, agreed to repay some money. The document is not being used to prove the truth that money was paid. The Court can accept Debtor's Exhibit 39 as non-hearsay and as offered for the proposition that it purports to create an obligation to repay.

Next, the Dead Man's Rule is found in Rule 601(b) of the Texas Rules of Evidence. That rule provides that "[t]he 'Dead Man's Rule' applies *only* in a civil case: (A) by or against a party

in the party's capacity as an executor, administrator, or guardian; or (B) by or against a decedent's heirs or legal representatives and based in whole or in part on the decedent's oral statement." Tex. R. Evid. 601(b)(1) (emphasis added). When the Dead Man's Rule applies, the general rule prohibits a party from testifying against another party about oral statements by the decedent. Tex. R. Evid. 601(b)(2).

In this case, the written document is not being offered against the parties covered by Rule 601(b)(1)(A)—a party acting as an executor, administrator, or guardian. The document is also not being used against the decedent's heirs or legal representatives; the rule, therefore, does not apply through Rule 601(b)(1)(B). Instead, the document is being offered against the trustee of Debtor's bankruptcy estate and the Rutans.

Next, Debtor's Exhibit 39 is a written document. The Court has not found caselaw indicating that "oral statements" include writings.[1]

Even if the Texas Rules of Evidence govern the competency of witnesses in this proceeding, as described above, the Dead Man's Rule is inapplicable to Debtor's use of Exhibit 39. But the more fundamental question is whether the witness-competency rules in the Texas Rules of Evidence apply.

The Federal Rules of Evidence apply to proceedings before United States bankruptcy courts and cases under the Bankruptcy Code. Fed. R. Bankr. P. 9017; Fed. R. Evid. 1101. Accordingly, in bankruptcy proceedings, the competency of witnesses is governed by Rule 601 of the Federal Rules of Evidence. "[I]n a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid.

---

[1] *See generally Fraga v. Drake*, 276 S.W.3d 55, 61 (Tex. App.—El Paso 2008, no pet.) ("Texas courts construe the Dead Man's Rule narrowly."); *Zarsky v. White*, No. 14-20-00474-CV, 2022 Tex. App. LEXIS 8992, 2022 WL 17491238, at *7–8 (Tex. App.—Houston [14th Dist.] Dec. 8, 2022, no pet.) (holding that testimony about a decedent's feelings—specifically, "[decedent] got mad at me"—does not violate the Dead Man's Rule).

601. Here, federal law governs the ultimate decision—whether the Debtor's exemption is valid under the Bankruptcy Code and the Internal Revenue Code.[2]  Although state law generally governs contract claims, *see Baerg Real Prop. Tr. v. Garland Sol., LLC (In re Baerg Real Prop. Tr.)*, 585 B.R. 373, 389 (Bankr. N.D. Tex. 2018), the dispositive law here does not rest on contracts.

Debtor points to *In re Groshans* to show that a bankruptcy court should not apply a state Dead Man's Statute to an objection to dischargeability based on federal law. *Wagner v. Groshans (In re Groshans)*, 114 B.R. 258 (D. Colo. 1990).[3]  There, a creditor objected to the dischargeability of the debt owed to that creditor based on the allegedly willful and malicious conduct of the debtor that gave rise to the debt. *Id*. at 259.  Had the bankruptcy court allowed it, the debtor would have testified that the deceased creditor consented to the debtor selling the creditor's collateral, which would support the debtor's position that he did not engage in willful and malicious conduct. *Id*. at 258–259.  But the bankruptcy court prohibited the debtor from testifying about conversations with the deceased creditor and found that his conduct was willful and malicious; the resulting liability was thus nondischargeable. *Id*. at 259.  On appeal, the district court reversed on this point, holding that the Dead Man's Statute was inapplicable because federal law, not state law, interprets "willful and malicious." *Id*. at 261.  The district court noted that even if the creditor could prove a breach of contract under state law, such breach would not meet the standard of malice to find that debt nondischargeable. *Id*.

---

[2] The underlying matter concerns the Trustee's and Rutans' objection to Debtor's exemption of his self-directed Roth IRA from his bankruptcy estate under 11 U.S.C. § 522(d)(12).

[3] Note the Colorado equivalent to the Texas Dead Man's Rule is codified at Colorado Revised Statute § 13-90-102 (2023). *See Estate of Brookoff v. Clark*, 2018 CO 80, 429 P.3d 835 (2018).  Whereas the Texas Dead Man's Rule is in the Texas Rules of Evidence.  Tex. R. Evid. 601(b).  Thus, the difference between the "Dead Man's *Rule*" and the "Dead Man's *Statute*."

The Debtor also cited to *In re River City Resort*, where the bankruptcy court did not apply the state Dead Man's Statute to a claim objection.[4]  *Farinash v. Henry (In re River City Resort, Inc.)*, No. 1:18-ap-01044-SDR, 2023 Bankr. LEXIS 1283, 2023 WL 3470631 (Bankr. E.D. Tenn. May 15, 2023).  The bankruptcy court, denying a motion *in limine*, declined to apply the Dead Man's Statute to prevent a creditor from testifying about conversations with a deceased principal of the debtor corporation.  *Id*. at *1–3.  The trustee objected to a creditor's claim that was based on legal fees owed to that creditor for his work.  *Id*. at *1–5.  The trustee's objection asserted that the legal fees were overstated, insufficiently documented, and owed by the deceased principal of the debtor in his individual capacity instead of the debtor corporation. *Id*. at *2–3.  In the motion *in limine*, the trustee sought to exclude the creditor's testimony about conversations he had with the deceased principal of the debtor.  *Id*. at *1–3.  The basis of the trustee's objection was not, however, the existence of a contract, which state law would govern. *Id*. at *7.  The court emphasized that the claim objection falls under the federal bankruptcy procedures to determine disputed claims.  *Id*. at *8.  And the court also noted that enforceability under state law is distinct from reasonableness under the Bankruptcy Code.  *Id*. at *9.  Because the claim objection did not rest on state law, the court did not apply the Dead Man's Statute.  *Id*.

Here, the Trustee and the Rutans raised questions about the validity of the one-sentence instrument.  Such validity would be determined by state law.  But the underlying rule of decision is federal law.  And "[t]he fact that principles of Texas law serve as a gap filler in this case does not mean that Texas law supplies the rule of decision."  *Keller v. United States*, No. V-02-62, 2009 WL 2601611, at *17, 104 A.F.T.R.2d 2009-6015 (S.D. Tex. Aug. 20, 2009).

---

[4] Like Colorado, the Tennessee equivalent to the Texas Dead Man's Rule is a statute.  Tenn. Code Ann. § 24-1-203 (2023).

IV.

The Texas rules on witness competency do not apply because state law does not supply

the rule of decision.  And, even if the Texas Rules of Evidence were to apply, the Dead Man's

Statute is inapplicable here under Texas Rule of Evidence 601(b).

It is therefore ORDERED that Debtor's Exhibit 39 is admitted.

### End of Memorandum Opinion and Order ###