

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed August 25, 2023

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM GLENN JOHNS, | § | CASE NO. 21-60010-rlj7 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

The Court addresses the Debtor's motion to strike the expert testimony and report of James Trippon, designated expert of the Trustee, Roddrick Newhouse, and creditors Integral 4RMT LLC, David Rutan, and Michelle Rutan (collectively, "Rutans").

### BACKGROUND

William Glenn Johns filed his chapter 7 bankruptcy petition in February 2021. In his schedule of exemptions, Johns lists his self-directed Roth IRA as property exempt from his bankruptcy estate under § 522(d)(12).[1] His IRA holds a beneficial interest in two trusts—the Carswell Cherokee Trust and the Southeast Financial Trust.

---

[1] "Section" or "§" refers to 11 U.S.C., the Bankruptcy Code, unless otherwise stated.

Brian Anderson serves as the trustee of Carswell Cherokee Trust, but the trust property is managed by Shannell Smith. A bank account with the name American Management Trust is the account Smith uses for money flowing from Carswell Cherokee Trust and numerous other properties. Smith is also the trustee of Southeast Financial Trust.

The Trustee and Rutans object to Johns's IRA exemption. The objection is based on allegations of prohibited transactions and excessive contributions that thereby disqualify the IRA from its tax-exempt and exemption status.

The Trustee and Rutans designated James Trippon as an expert to testify on the propriety of transactions concerning Johns's IRA. ECF No. 198.

At the onset of trial, counsel for the Trustee and Rutans invoked their right to sequestration under Rule 615 of the Federal Rules of Evidence. But they also contended that it was necessary that Trippon remain in the courtroom. *See* Fed. R. Evid. 615(c). Johns objected on the basis that Trippon submitted his expert report and any changes based on witness testimony would be improper. The Court overruled the objection, permitting Trippon to listen to the testimony given.[2]

On the second day of the six-day trial, June 1, 2023, the Trustee and Rutans called Trippon to testify. His expert report is marked as Trustee's and Rutans' Exhibit 142; the report was admitted into evidence.

---

[2] "Expert witnesses clearly fall within Rule [615(c)'s] exception." *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993). Although that rule does not automatically exempt experts from a sequestration order. *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. July 1981).

After highlighting Trippon's experience and qualifications, Trustee's counsel offered Trippon as an expert.[3] Johns, at this point, raised no objection. The Court granted the request that Trippon be allowed to testify as an expert.

While explaining his expert report, Trippon provided examples of what he opined to be prohibited transactions that disqualify Johns's self-directed Roth IRA from enjoying its tax-exempt status. He couched the examples in terms of the testimony that he heard earlier from Johns and Smith.

Focusing on the transactions related to activity in the American Management Trust bank account, Trippon stated he believed various transactions were prohibited, including the commingled nature of the account itself.

Unrelated to the American Management Trust bank account, Trippon stated transactions between Johns's mother and the Southeast Financial Trust bank account are prohibited transactions. He also highlighted that Carswell Cherokee Trust owns property that Johns uses occasionally as an office, which, according to Trippon, is prohibited. Loans extended and received by various trusts were also, in Trippon's opinion, improper. Trippon then answered questions related to barter income, the plan-asset rule, tax consequences of early withdrawals, and fiduciaries of the IRA.

Johns objected to Trippon's testimony on the grounds that Trippon was testifying to matters outside of his expert report. Johns then requested a running objection to Trippon's testimony.

The Court permitted Trippon to testify but reserved a later ruling on the matter.

---

[3] Trippon is a licensed CPA that graduated with a B.S. in Accounting from the University of Illinois. *See* Trustee Ex. 142 at 12.

After the trial, on August 7, 2023, Johns filed a motion to strike portions of Trippon's testimony where he discusses transactions stemming from the American Management Trust bank account. He claims Trippon does not base his testimony on information that an expert in the field would reasonably rely on because his testimony is based on summaries prepared by the Rutans.

The Trustee and Rutans responded by arguing that Johns's objection is untimely and that Trippon's reliance on summaries was reasonable given his review of bank statements of several transactions to ensure the summary was accurate. ECF No. 345. Johns filed a reply disagreeing. ECF No. 346.

## DISCUSSION

The Court has three issues to address: (1) whether Trippon's opinion testimony is within the permissible scope, (2) whether his testimony is based on proper information, and (3) whether Johns's motion to strike was timely made.

## I. Scope of Trippon's Testimony

A. Expert Report

Rule 26(a)(2)(B) requires that a witness, retained or specially employed to provide expert testimony, must provide a written report that includes the *facts or data* considered in forming the witness's expert opinions.[4] "The basic purpose of Rule 26(a)(2)(B) is to prevent unfair surprise with respect to the expert's testimony." *Bennu Oil & Gas, LLC v. Bluewater Indus., L.P. (In re ATP Oil & Gas Corp.)*, No. 14-3001, 2015 WL 4381068, at *18, 2015 Bankr. LEXIS 2350, at *51 (Bankr. S.D. Tex. July 15, 2015) (citations omitted). But the Rule allows an expert to

---

[4] Bankruptcy Rule 9014 incorporates Bankruptcy Rule 7026 to apply to contested matters in bankruptcy proceedings, and Bankruptcy Rule 7026 applies Rule 26 of the Federal Rules of Civil Procedure.

"supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006).

Here there was no surprise in Trippon's discussion of the American Management Trust bank account. According to his report, the documents Trippon reviewed in preparing his expert report include "the American Management Trust account with Prime South Bank." Trustee Ex. 142 at 2. His basis for his opinion is that he "examined the bank records and reviewed a summary of withdrawals from an account with PrimeSouth Bank held in the name 'American Management Trust dba Taylor Repo and Trust Services[.]'" *Id*. at 8. He even provides the last three digits of the American Management Trust bank account number. *Id*. There can be no surprise that Trippon referred to the transactions related to the American Management Trust bank account in his testimony. That portion of Trippon's testimony was within the scope of his expert report.

Other portions of his testimony, concerning early withdrawals, loans, and identifying fiduciaries and disqualified parties, were also included in his report. Trustee Ex. 142 at 7–9. Trippon's testimony that expands on those transactions is permissible. In his report, he only discussed Johns and Johns's mother as being disqualified people, while his testimony included others. *See id*. at 9. As described below, explaining who a disqualified person is after hearing the testimony at trial did not improperly exceed the scope of Trippon's report.

The expert report is silent on the matter of barter income. Trippon testified about how, in his opinion, Johns's IRA's receipt of almost 50% of the beneficial interest in properties for far less than 50% of the capital contributions amounts to barter income for Johns's "bird dogging" and deal finding. In the same vein, Trippon testified that Johns's staying rent free for several

5

months of the year is barter income. This testimony is outside the scope of his expert report but is permissible as described below.

B. Sequestration

At the Trustee's and Rutans' request, the Court ordered that non-party witnesses be sequestered, with the exception of expert witness James Trippon. The Trustee and Rutans represented that Trippon's presence was essential to the case. Johns maintained that Trippon's presence is improper to the extent that he would change his report based on the testimony that he heard.

Under Rule 615 of the Federal Rules of Evidence, at a party's request, the court must exclude witnesses from hearing other witnesses' testimony.[5] There is an exception available for a person who is shown to be essential to presenting the party's claim. Fed. R. Evid. 615(c). The determination of whether a witness is essential is within the discretion of the trial court. *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993). The Court permitted Trippon to sit in the courtroom and observe the testimony. Trippon, being an expert witness, filled a substantially different role than the fact witnesses in this case.

Fundamentally, the sequestration rule is to prevent a witness from tailoring testimony to match another's and to "discourage fabrication and collusion." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. July 1981). Concerns of fabrication and collusion do not exist here; while it is almost certain that the expert would tailor his testimony to account for facts that come to light during other witnesses' testimony. But here, the Court permitted Trippon to hear other witnesses' testimony. It is appropriate for Trippon to base his opinions on "facts … in

---

[5] To remedy a violation of a sequestration order, courts have stricken testimony. *See Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-02970-X, 2021 WL 2000246, 2021 U.S. Dist. LEXIS 94801 (N.D. Tex. May 19, 2021).

the case that [he] has been made aware of[.]" Fed. R. Evid. 703. Trippon's opinion that Smith and Terrell Sheen are fiduciaries of Johns's IRA was based on the testimony of the witnesses.[6]

Trippon's testimony on commingling within the American Management Trust bank account was affected by Smith's testimony, which originally provided that the account was her LLC's own account but then eventually devolved to that account being her own personal account as the LLC never existed in the first place. Trippon's testimony explains his expert report in light of the facts as reported by Johns's witness.

C. Harmless

Even if his testimony was beyond the scope of his expert report, the failure to explicitly cite the information supporting his opinion is harmless.[7]

When a party fails to supply the information required by Rule 26, that party may not use that information unless that failure was harmless. Fed. R. Civ. P. 37(c)(1).[8] In determining whether to exclude expert testimony, courts consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (quotation omitted). The analysis of the factors should not be a mechanical tally, rather courts holistically evaluate the violation. *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757–58 (N.D. Tex. 2021).

---

[6] Terrell Sheen is a business associate and friend of Johns.
[7] *See Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 377 U.S. App. D.C. 187 (D.C. Cir. 2007) (holding that allowing an expert's testimony beyond his report is harmless when the testimony is an elaboration of a written report).
[8] Rule 37(c)(1) applies to contested matters in bankruptcy proceedings by way of Rule 7037, which itself is applied to contested matters through Bankruptcy Rule 9014.

The Trustee and Rutans identified Trippon as their expert. The opposed portion of Trippon's testimony is not vital to the Trustee's and Rutan's case. Little to no prejudice exists by allowing Trippon's testimony—his report pointed to the source of the facts that provide the basis of his opinion, and Johns's counsel cross-examined Trippon by inquiring into the extent of his review of the bank statements. The fourth factor, concerning a continuance, is not applicable here.

Trippon's testimony at trial explained the opinions in his report given the evidence he was allowed to hear. The testimony concerning barter income, although outside the scope of his report, was harmless.

## II. Improper Basis for Expert Testimony

In his motion to strike, Johns argues that Trippon's opinion rests on facts and data that experts in the field would not reasonably rely on. Trippon relied on a summary of transactions given to him by the Trustee's and Rutans' attorneys. The summary of transactions included over 400 transactions; and Trippon verified a sample consisting of "a couple dozen" transactions with bank records to corroborate the summary. That sample convinced Trippon that the summary was correct and accurate.

Johns insists that Trippon's sample size was insufficient to verify the accuracy of the summary that he used as the basis of his report, while the Trustee and Rutans disagree. Each side cites cases supporting their position.

Here, Johns was permitted to cross examine Trippon and inquire into the source of his data and information. Any doubts cast on the reliability of his information can and will be considered by the Court. The Court is capable of weighing the reliability of Trippon's testimony.

### III. Timeliness of the Motion to Strike

The Trustee and Rutans argue that the motion to strike is untimely and improper—they say the motion should have been a pre-trial motion *in limine*. But the Court can consider motions to strike testimony post-trial.

Here, the reason to object to the reliability of Trippon's testimony was unknown until cross-examination. His report stated that he "independently verified the transactions contained therein with the [American Management Trust] bank records," while his testimony provided that he verified a sample of "a couple dozen" transactions with the corresponding bank statement. *See* Trustee Ex. 142 at 8. Thus timeliness is not an issue.

### CONCLUSION and ORDER

The majority of Trippon's testimony falls within the scope of his expert report. His testimony was based on facts learned before trial and on facts disclosed in testimony given at trial. Any portion of his testimony that was beyond the scope of his report was harmless.

The Court can afford the appropriate weight to the reliability of Trippon's testimony.

The Court denies the motion to strike Trippon's expert testimony and report.

SO ORDERED.

### End of Memorandum Opinion and Order ###